If the act or omission of William Elrod Oswalt proximately caused the automobile collision and, consequently, the injury to Mr. Barnes, whose contributory negligence was alleged to have been the proximate cause of both his injury and his wife's death, then Mr. Oswalt's act or omission proximately caused Ms. Barnes's death, for there was no contention, or evidence suggesting, that Ms. Barnes's death was caused by any force other than the automobile collision. However, as the trial court noted, the jury could have found Mr. Oswalt's act or omission to be the proximate cause of Ms. Barnes's death, but still award zero damages to her estate under the trial court's instructions, which have been approved over and over again by this Court. The trial court's instructions in this case were, in pertinent part, as follows:
 "In a suit brought for a negligent causing of death, the damages recoverable are punitive and are not compensatory. Damages in this type of action are entirely punitive, imposed for the preservation of human life and as a deterrent to others to prevent similar wrongs. The amount of damages should be directly related to the amount of the wrongdoing on the part of the Defendant.
 "In assessing damages, you're not to consider the monetary value of the life of the decedent. Damages in this type of action are not recoverable to compensate the family of the deceased from a monetary standpoint on account of her death nor to compensate the Plaintiff for any financial or pecuniary loss sustained by him or the family of the deceased on the account of her death.
 "Your verdict should not be based on sympathy, prejudice, passion or bias, but should be directly related to the culpability of the Defendant and the necessity of preventing similar wrongs in the future. Culpability relates primarily to the fault of the Defendant.
 "Now, the purpose of awarding punitive or exemplary damages is to allow money recovery to the Plaintiff by way of punishment to the Defendant and for the added purpose of protecting the public by deterring the Defendant and others from doing such wrongs in the future. This imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case and the necessity of preventing similar wrongs."
(Emphasis added.) The jury returned the following verdicts:
 "We, the jury, find for the Plaintiff, Bobby Barnes, individually, and against Nadelia R. Oswalt, as executrix of the estate of William Elrod Oswalt, and assess his damages at fifteen thousand.
". . . .
 "We, the jury, find for the Defendant, Nadelia R. Oswalt, as executrix of the estate of William Elrod Oswalt, and against Bobby Barnes, as administrator of the estate of Nora Lee Barnes."
I understand completely the trial court's dilemma. If I viewed our wrongful death *Page 1324 
statute as the majority of this Court does, I would have to vote to affirm and to hold that the verdicts were not necessarily inconsistent. We have made the damages recoverable for death different in kind from the damages recoverable for personal injuries. That is, damages recoverable for death cannot compensate and are completely optional with the jury, even though death was caused by a wrong of the defendant. We have required trial courts to so instruct juries, as this learned trial court instructed this jury. It is confusing to me, and it was confusing to me and to the other eleven jurors who served with me when, while a member of this Court, I served as a juror in the trial of a personal injury case and a wrongful death case that had been consolidated for trial. As in this case, an automobile passenger's administrator sought damages for wrongful death; the affirmative defense of contributory negligence was raised as to the plaintiff/driver. As was the jury in this case, we were given separate verdict forms on which a finding in favor of each plaintiff could have been indicated and separate verdict forms on which a finding in favor of the defendant could have been indicated as to the claim of each plaintiff. As was the jury in this case, we were instructed that the imposition of punitive damages in a wrongful death case is entirely discretionary with the jury. This appears to me to make the jury's unbridled desire to punish or deter an essential element in a wrongful death action, an element that is distinct from anything in an action for personal injuries, in which the jury must fully compensate an injured plaintiff for all injuries proximately caused by the defendant's wrongful act or omission.
My view of what damages should be recoverable in wrongful death cases, first expressed in my dissent in Tatum v. Schering Corp.,523 So.2d 1042 (Ala. 1988) (which I authored two years after my experience as a juror), and further expressed in my dissent inAlabama Power Co. v. Turner, 575 So.2d 551 (Ala. 1991), is based upon my attempt at legal reasoning. It is not aimed at large punitive damages verdicts for death, or at defense verdicts in death cases. It is not intended to be pro-plaintiff or pro-defendant. In my opinion, the majority's major premise in interpreting Ala. Code 1975, §6-5-410, is wrong and does not have the hallmark of legal authority in light of the constitutional text that declares that there is a right to life. See Alabama Constitution of 1901, Article I, § 1. We have looked so long at the common law that we fail to recognize rights that are created by our source document, the Constitution. This same source document grants a right to a remedy for an injury done to a person. See Alabama Constitution of 1901, Article I, § 13. To me, these provisions require a remedy for the ultimate injury to a person: death. Yet, in construing Alabama's wrongful death statute as allowing only the imposition of punitive damages, and in making the imposition of those damages optional with the jury, the majority of this Court consistently denies a remedy for death. This could have led to what, in my opinion, is the ultimate inconsistent verdict in this case, a verdict that is based upon a jury's finding that the defendant's act or omission was the proximate cause of the death of the plaintiff's decedent, but that awards no damages because the jury, exercising its discretion, elected not to punish the defendant. I surmise from the majority opinion that a decision on the jury's part not to impose punishment in this case would have made the verdict for Mr. Barnes, individually, and against Mr. Barnes, as administrator of his wife's estate, consistent. Because I simply cannot approve of the manner in which we presently treat wrongful death cases, whereby no remedy is afforded for the violation of a right that is protected by the Alabama Constitution, I must concur in the result. *Page 1325